IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PAULINE GILL,<br><br>          Plaintiff,<br><br>vs.<br><br>DISABILITY MANAGEMENT ALTERNATIVES, LLC and HOFFMAN-LA ROCHE, INC.,<br><br>          Defendants. | Case No. 2:05 cv 973 TS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND**<br><br>Judge Ted Stewart<br><br>Magistrate Judge Brooke C. Wells |

    Before the court is Plaintiff Pauline Gill's motion to amend complaint.[1]  Gill seeks to add "an additional cause of action for failure to produce records and to require defendants to restore plaintiff's disability benefits."[2]  Plaintiff argues that she should be allowed to amend in the interest of justice and "because the Plaintiff's facts may be a proper subject of relief in this case and such an amendment would in no way prejudice the Defendants."[3]

    Pursuant to Rule 15, a court has discretion to grant a party leave to amend and "leave

---

[1] Docket no. 12.
[2] Mem. in Supp. p. 1.
[3] *Id.* p. 3.

shall be freely given when justice so requires."[4]  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[5]  But, "[u]ntimeliness alone may be a sufficient basis for denial of leave to amend."[6]  This is especially true when the party filing the motion has no adequate explanation for the delay.[7]

Here, Defendants offer two reasons as a basis for denying Gill's motion to amend.  First, she has engaged in undue delay.  And second, her proposed amendment would be futile.[8]

The Court's scheduling order sets October 30, 2006 as the deadline for filing a motion to amend the pleadings.[9]  Gill filed her motion to amend on December 21, 2006.[10]  Although this is less than two months after the cutoff for filing motions to amend, Defendants argue that Gill's conduct is more suspect because (1) she has failed to serve any Initial Disclosures according to Rule 26(a)(1) although the deadline for doing so was June 9, 2006; and (2) Gill has failed to take any discovery in this case since it was filed in November 2005.[11]

Upon review of the record before the court, the court fails to find any evidence that Gill

---

[4] Fed. R. Civ. P. 15(a).
[5] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).
[6] *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).
[7] *See Frank*, 3 F.3d at 1365-66.
[8] *See* Op. p. 2.
[9] Docket no. 10.
[10] Docket no. 12.
[11] *See* Op. p. 4.

has served her initial disclosures.[12]  Further, the record is silent regarding Gill's efforts to engage in discovery.  Under normal circumstances this court may be more reluctant to enter a finding of undue delay for a delay of less than two months in seeking an amendment to the pleadings,[13] especially in an ERISA action where plaintiffs often have fewer resources than defendants.  But, based on the record in this case, the court finds that Plaintiff has been negligent in prosecuting her case.  If the Court were to grant Plaintiff's motion, the Court would in essence be condoning this type of behavior and rewarding Gill for failing to fulfill her duty to prosecute.  Not only would this be wrong in the Court's view, but it would also be prejudicial to Defendants who have actively sought to defend against Gill's claims.

Based on the foregoing, the Court DENIES Gill's motion because it is untimely.[14]

Finally, the court wishes to note that Gill's motion to amend was filed at approximately the same time as Defendants' motion for summary judgment.  It is improper for a party to try and avoid summary judgment via a motion to amend.[15]  This fact further supports the Court's

---

[12] *Cf.* docket no. 11 certificate of service indicating Defendant Hoffman-La Roche served initial disclosures in June 2006.

[13] *Cf. McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998) (upholding district court's decision to deny a motion to amend when it was filed five months after the discovery cut off and a full year after the initial pleading); *Frank*, 3 F.3d at 1365-66 (affirming district court's denial of motion to amend that was filed four months after the court deadline for amending pleadings);

[14] In light of the fact that the court finds Gill's motion untimely, it does not address whether or not Gill's proposed amendment would be futile.

[15] *See Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (affirming decision of district court to deny motion to amend when it added new claims after others had been dismissed); *Otis v. Canadian Valley-Reeves Meat Co*, 1995 WL 216906 *1 (10th Cir. 1995) (holding that the district court did not abuse its discretion by denying leave to amend when the amendment was used to avoid summary judgment); *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002) ("It is not an abuse of discretion for a district court to deny a motion for leave to amend a complaint when such motion is designed to avoid an impending adverse summary

decision to deny Gill's motion.

DATED this 22nd day of January, 2007.

                                       Brooke C. Wells
                                       United States Magistrate Judge

---

judgment.").